IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM NO. JKB-21-0037 |
| v. | * | |
| DONTA MADISON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Donta Madison pled guilty in 2021 to one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841, and he was sentenced in February of 2022 to 84 months' incarceration and three years' supervised release. (Plea Agreement, ECF No. 94; Judgment, ECF No. 138.) Madison has now moved the Court for compassionate release pursuant to 18 U.S.C. § 3582, arguing that his serious health conditions constitute an extraordinary and compelling reason warranting his early release. (ECF No. 190.) Madison's Motion will be denied.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Madison satisfied the

1

administrative exhaustion requirement by filing a request for compassionate release with the warden of Federal Correctional Institution, Butner II, where Madison is incarcerated, on January 3, 2023. (*See* Ex. 1 to Mot. Compassionate Release, ECF No. 190-1.)

The United States Sentencing Commission, pursuant to its mandate under 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction," has stated that such reasons exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of their term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D). Following the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "removed the BOP from [its] gatekeeping role," the Court of Appeals for the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 274, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Madison, who is clinically obese, has Stage IV thyroid cancer that has metastasized to his lungs, Type 1 diabetes, and several chronic pain conditions. (*See* Medical Records, Ex. 3 to Mot. Compassionate Release, ECF No. 190-3.) He argues that these conditions, "combined with the unprecedented public health crisis posed by the COVID-19 pandemic," constitute an extraordinary and compelling reason warranting his compassionate release. (Mot. Compassionate Release at 3.) At this time, however, and under the specific circumstances of

2

Madison's case, the Court disagrees. Madison was sentenced only 16 months ago and has served less than half of his 84-month term of incarceration. (*See* Judgment.) His cancer diagnosis and other health conditions were disclosed to the Court prior to sentencing, (*see* Presentence R. & R., ECF No. 132, ¶¶ 43–51; Pl.'s Sent'g Mem., ECF No. 135), and they were considered along with all other relevant sentencing factors, including those set forth in 18 U.S.C. § 3553(a). (*See* Statement of Reasons, ECF No. 139, § VI.) The Court was also aware of both the ongoing COVID-19 pandemic and the "widespread availability of vaccines" at the time of Madison's sentencing. *United States v. Langford*, Crim. No. JKB-15-0539, 2022 WL 1443868, at *2 (D. Md. May 6, 2022) (concluding that the "widespread availability of vaccines . . . tip[ped] the balance against" finding that defendant's hypertension, obesity, and unsubstantiated cancer diagnosis constituted extraordinary and compelling reasons). Madison does not allege or provide evidence to suggest that any of his health conditions, while undeniably serious, have worsened so significantly in the intervening months that the Court's recent sentencing determination need be revisited. (*See generally* Mot. Compassionate Release.) The Court therefore concludes that Madison's health does not, at this time, rise to the level of an extraordinary and compassionate reason warranting his compassionate release.[1]

Accordingly, Madison's Motion for Compassionate Release (ECF No. 190) is DENIED.

DATED this 16 day of June, 2023.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

---

[1] Because the Court finds no extraordinary and compelling reason warranting compassionate release, it need not consider the § 3553(a) factors; it notes, however, that Madison provides no evidence of a material change in his circumstances since the time of his sentencing that would alter the Court's recent § 3553(a) analysis in his case.