IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. JKB-21-0037** |
| **DONTA MADISON,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Donta Madison pleaded guilty in 2021 to one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841, and he was sentenced in February of 2022 to 84 months' incarceration and three years' supervised release. (ECF Nos. 94, 138.) Pending before the Court is Donta Madison's Motion for Compassionate Release. (ECF No. 219.) Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." For the reasons that follow, Madison will be directed to supplement his Motion for Compassionate Release and the Government will be directed to notify the Bureau of Prisons of the allegations that Madison makes in his Motion.

Madison argues that he presents extraordinary and compelling reasons warranting sentence reduction because he is obese, has stage IV thyroid cancer that has metastasized to his lungs, Type I diabetes, and chronic pain conditions. (*See* ECF No. 219 at 2.) He explains that the cancer is spreading throughout his body. (*Id.* at 2, 4.) He also alleges that he has not received appropriate medical care at his Bureau of Prisons Facility, FMC Lexington. (*Id.* at 3–4.)

Medical circumstances can qualify as extraordinary and compelling reasons for purposes of compassionate release. For instance, extraordinary and compelling reasons exist where the

defendant suffers from (1) "a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)," such as "metastatic solid-tumor cancer," USSG § 1B1.13(b)(1)(A); (2) a serious condition or impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," USSG § 1B1.13(b)(1)(B); or (3) "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," USSG § 1B1.13(b)(1)(C).

Madison's Motion was not accompanied by medical records evidencing his medical conditions. The Court is therefore unable to assess the seriousness of his conditions, including whether Madison is expected to recover or whether his conditions are considered terminal. Accordingly, Madison will be directed to supplement his Motion with recent medical records regarding his conditions. Relevant information includes whether his condition is terminal, the level of impairment they cause, and the care he is receiving at FMC Lexington. Madison is forewarned that his failure to supplement his Motion with relevant records may result in the Court's denial of his Motion.[1]

Further, Madison alleges that his conditions are not being properly cared for at FMC Lexington. The Court does not pass judgment on the merits of that claim at this time. However, this appears to be a claim arising under the Eighth Amendment. *See Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." (citation, alterations, and quotations omitted).) And "[w]hile [Madison] could

---

[1] The Court appreciates that it received medical records in connection with a Motion for Compassionate Release that Madison filed in 2023. (*See generally* ECF No. 190.) While the records reflect that Madison has the alleged health conditions, they do not reflect whether the conditions are terminal, nor the level of impairment they cause. (*Id.*) Further, these records do not reflect the current state of Madison's health conditions.

2

seek relief for this alleged constitutional violation in an appropriate lawsuit, a motion for compassionate release is not the proper vehicle for an Eighth Amendment claim, and the Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c)." *United States v. Langford*, Crim. No. JKB-15-0539, 2022 WL 1443868, at *2 (D. Md. May 6, 2022) (citations, quotations, and alterations omitted). The proper venue for such a claim would likely be the district in which FMC Lexington sits. *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 150094, at *1 (D. Md. Jan. 12, 2024). However, the Court will direct the Government to bring this matter to the attention of the appropriate officials within the Bureau of Prisons.

    Accordingly, it is ORDERED that:

1. Madison is DIRECTED to supplement his Motion for Compassionate Release (ECF No. 219) by October 18, 2024.

2. The Government is DIRECTED to bring it to the attention of the relevant Bureau of Prisons officials that Madison has told the Court that he has not received appropriate medical care.

DATED this 24 day of September, 2024.

BY THE COURT:

James K. Bredar
United States District Court