IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. JKB-21-0037 |
| DONTA MADISON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

This Memorandum and Order accompanies the Court's recent decision denying Defendant Donta Madison's request for compassionate release. (ECF No. 234.)

The Court notes that Madison did not file under seal, or otherwise request the sealing of, his recent briefing and attached medical records. (*See* ECF Nos. 219, 224, 224-1.) But each of these submissions contained personal medical information, at least some of which the Court relied upon in its recent decision. (*See* ECF No. 234.) Given the potential privacy concerns, all of those documents—the submissions and the decision—will be sealed on a temporary basis.[1]

The sealing of the Court's decision, (ECF No. 234), and of Madison's recent submissions, (ECF Nos. 219, 224, 224-1), is only temporary because Madison himself did not express a desire to seal the sensitive information they contain. Should he seek to do so now, he must file, within thirty days of the date of this Memorandum and Order, copies of his prior submissions, (ECF Nos. 219, 224, 224-1), with proposed, appropriately narrow redactions of the medical information he wishes to shield from public view. The proposed redactions, if any, should address only genuinely sensitive information that is not already a matter of public record (unlike information discussed at sentencing or in this Court's prior orders) and not an essential part of Madison's recent requests.

---

[1] The Government, in its response to Madison's submissions, filed a sealed version of its brief and Madison's medical records, (ECF Nos. 231, 231-4), as well as redacted versions of the same for public viewing, (ECF Nos. 232, 232-4).

*See Norris v. PNC Bank, N.A.*, Civ. No. ELH-20-3315, 2021 WL 5955820, at *4 (D. Md. Dec. 16, 2021); *Windsor v. United States*, Civ. No. RDA-23-611, 2023 WL 7646500, at *5–6 (E.D. Va. Nov. 14, 2023); *United States v. Tarr*, Crim. No. MOC-17-121, 2017 WL 2979684, *1 n.2 (W.D.N.C. July 12, 2017).

Madison's failure to file proposed redactions within thirty days, combined with the manner in which he filed his submissions in the first instance, will be treated as a waiver of his right to keep certain medical information off the public docket.[2] In that situation, all affected documents—Madison's submissions, (ECF Nos. 219, 224, 224-1), as well as the Court's recent decision, (ECF No. 234)—will be wholly unsealed. If, however, Madison timely files proposed, appropriately narrow redactions to his prior submissions, the Court will permanently seal the affected documents and will enter a version of its decision that accounts, as necessary, for the redactions he suggests.

Accordingly, it is ORDERED that:

1. Should Madison seek to redact any of the personal medical information contained in his own submissions, (ECF No. 219, 224, 224-1), he SHALL FILE, by April 6, 2025, copies of those documents with proposed, appropriately narrow redactions.

2. The Court's Memorandum and Order dated March 6, 2025, (ECF No. 234), is SEALED. It will be unsealed if Madison fails to respond to this Memorandum and Order as directed.

3. Madison's briefing and attachments in support of his request for compassionate release, (ECF Nos. 219, 224, 224-1), are SEALED. They, too, will be unsealed if Madison fails to respond to this Memorandum and Order as directed.

---

[2] Waivers in this context are not readily assumed. But it would be pointless to seal and/or redact entries on the docket where a party does not take steps necessary to protect their own privacy. *Cf.* Fed. R. Civ. P. 5.2(h) ("A person waives the protection of . . . the person's own information by filing it without redaction and not under seal."). Accordingly, and uniquely in this situation, the Court is prepared to find waiver if Madison does not respond to this Memorandum and Order within the designated thirty days.

2

4. The Clerk is DIRECTED to mail to Madison a copy of this Memorandum and Order, along with copies of his recent briefing and medical records, (ECF Nos. 219, 224, 224-1).

DATED this 6 day of March, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge